Herbert Patterson
vs. No. 88689.
Edgar L. Burchell, Ex'r.

April 17, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $400.

This is an action brought against an executor to recover for services alleged to have been rendered his testatrix during the last few months of the latter's life.

The plaintiff is an elderly man who retired from mill work seven years ago. He has lived for many years in the village of Ashton and was a neighbor of Miss Minnie B. McCrandall and acquainted with her for a period of 30 years.

The suit was brought to recover for services rendered Miss McCrandall from January 1, 1930, to July 7, 1930, the date of Miss McCrandall's death.

There is ample testimony to justify the jury in finding that services were performed at the request of Miss McCrandall and were so performed with reasonable expectation on the part of both persons concerned that payment would be made therefor. The difficulty is to determine the extent of the services and their value.

Miss McCrandall, until within a few years of her death, worked in a mill. She apparently lived quietly and frugally in her own house. With the house there were five or six lots of land, with a few young fruit trees, some flowers and a lawn.

In the months of March, April, May, June and August, in the year 1929, Mr. Patterson did work about the place, mowing the grass, spraying shrubs, pruning trees, &c., for which he asked and was paid fifteen dollars.

From January 1, 1930, until April 20th, from which latter date Miss McCrandall appears to have been confined to her bed, Mr. Patterson did what work was to be done outside and, as he testified, took charge of Miss McCrandall's estate. From April 20th until Miss McCrandall's death, Mr. Patterson came over to the house two or three times a day; he engaged a nurse, did work outside of the house, and paid bills amounting in all to possibly $300 to $400. There was a nurse in attendance and a housekeeper. Mr. Patterson appears to be an honest, dependable and trustworthy person but it would not seem that there was any large amount of manual labor to be done, nor much supervision required, in connection with Miss McCrandall's so-called estate. Mr. Patterson did, however, stand ready to serve if required.

Counsel argued that Miss McCrandall, if alive, would be amazed at the size of plaintiff's bill. However that may be, Mr. Patterson is entitled to receive the reasonable worth of services rendered but there must be a basis for any amount asked and a jury's verdict must rest upon something tangible.

In the present case the Court is of the opinion that if the jury allowed Mr. Patterson five dollars per week from January 1st to April 20, and fifteen dollars per week during the remainder of the period, he would be receiving the maximum amount which would be reasonable upon all of the testimony relating to the character and extent of the services rendered. If, therefore, plaintiff within four days remits all of the verdict in excess of $283.49, defendant's motion is denied, otherwise it is granted.

For plaintiff: Sayles Gorham.

For defendant: James J. McCabe.